# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

JOSEPH G. PASTELAK, et al.,

    Defendants.

Civil Action No. 18-13166 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff New York Life Insurance Company's ("NYLIC" or "Plaintiff") Second Motion for Discharge and Dismissal pursuant to Federal Rule[1] of Civil Procedure 22. (ECF No. 30.) Defendants Joseph G. Pastelak ("Pastelak"), Maria E. Drouet, and George Guzman (collectively, "Defendants") did not file a response.[2]

Joseph Pastelak, Jr. (the "Insured") was the holder of life insurance policy A7323950 (the "Policy") issued by Plaintiff, under Group Policy Number AA-67, to the Trustee of AARP Life Insurance Trust. (Compl. ¶ 7, ECF No. 1.) The Insured's enrollment form, dated January 17, 2014, designated Drouet and Guzman as the Policy's primary beneficiaries in equal shares. (*Id.* ¶ 9.) On or about February 3, 2018, the Insured placed a telephone call to NYLIC and removed Drouet and Guzman as beneficiaries and named his son, Pastelak, the sole beneficiary of the Policy. (*Id.* ¶ 10.)

---

[1] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

[2] On January 24, 2019, Drouet filed correspondence (ECF No. 17) opposing Plaintiff's First Motion for Discharge and Dismissal (ECF No. 14) but made no filing with regard to Plaintiff's instant Motion.

On or about April 18, 2018, the Insured died and Policy proceeds in the amount of $25,000 became due to the beneficiary or beneficiaries of the Policy (the "Policy Proceeds").[3] (*Id.* ¶¶ 11–12.)

On May 1, 2018, Drouet and Guzman sent correspondence to Plaintiff challenging their removal as beneficiaries, arguing that the Insured lacked the requisite mental capacity to make a change to the Policy. (*Id.* ¶¶ 13–14.) On August 24, 2018, NYLIC filed an Interpleader Complaint (ECF No. 1) against Drouet, Guzman, and Pastelak requesting the Court determine to whom the Policy Proceeds should be paid. (*Id.* ¶ 16.) Plaintiff filed a Motion for Interpleader Deposit (the "Deposit Motion") contemporaneously with its Complaint. (ECF No. 4.) On October 3, 2018, the Honorable Douglas E. Arpert, U.S.M.J., granted Plaintiff's Deposit Motion. (ECF. No. 9.) On October 9, 2018, Drouet and Guzman jointly filed a notice of pro se appearance in lieu of a formal answer. (ECF No. 10.) Plaintiff deposited the Policy Proceeds[4] into the interest-bearing Court Registry Investment System on October 17, 2018. (ECF No. 11.)

On December 19, 2018, Plaintiff moved for discharge and dismissal ("Plaintiff's First Motion"). (ECF No. 14.) This Court administratively terminated Plaintiff's First Motion (ECF No. 26) pending completion of the limited discovery ordered by Judge Arpert (ECF No. 25). On May 29, 2019, Plaintiff filed the instant Motion.

The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. Because the Policy Proceeds have been deposited into the Court Registry Investment System, the Court finds Plaintiff has satisfied its obligations and, accordingly, finds good cause to grant the relief requested.

---

[3] Plaintiff admits it is liable to pay $25,000 to the beneficiary or beneficiaries of the Policy. (Compl. ¶ 12.)

[4] The total amount of the deposit was $25,122.98. (ECF No. 11.)

2

**IT IS** on this 30th day of December, 2019 **ORDERED** that:

1. Plaintiff's Motion (ECF No. 30) is **GRANTED**; and

2. Plaintiff is **DISMISSED** from the above-captioned action with prejudice.

                                              s/ Michael A. Shipp
                                              **MICHAEL A. SHIPP**
                                              **UNITED STATES DISTRICT JUDGE**